S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### WICHITA FALLS DIVISION

William Edward Collins #2023108
Plaintiff's Name and ID Number

Jones Allred Unit; 2101 FM 369 N. Iowa Park Tx
Place of Confinement

CASE NO. 7-21CV-130 O
(Clerk will assign the number)

v.

Warden Smith, JA Unit; 2101 FM 369 N. Iowa Park, Tx
Defendant's Name and Address

Bobby Lumpkin, TDCJ Director, Austin TX
Defendant's Name and Address

_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

Rev. 05/15

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES ✓ NO
   B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

   1. Approximate date of filing lawsuit: _____
   2. Parties to previous lawsuit:
      Plaintiff(s) _____
      Defendant(s) _____
   3. Court: (If federal, name the district; if state, name the county.) _____
   4. Cause number: _____
   5. Name of judge to whom case was assigned: _____
   6. Disposition: (Was the case dismissed, appealed, still pending?) _____
   7. Approximate date of disposition: _____

Rev. 05/15

II. PLACE OF PRESENT CONFINEMENT: James Allred Unit, 2101 FM. 369 N. Iowa Park, TX

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? ___ YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: William Edward Collins, James Allred Unit 2101 FM 369 North, 76367

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: William Eichman, Judge of 364th District Court Lubbock, TX P.O. Box 10536, 99408-3536

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. By not stopping the proceedings for falsified evidence by: DA, Detective and Victim

Defendant #2: Warden Smith, ET AL, James Allred Unit; 2101 FM. 369 North 76367 Iowa Park TX.

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you. By holding William Collins "illegal incarceration"

Defendant #3: Bobby Lumpkin, Director of TDCJ, Austin TX, 78711-2548 P.O Box 12548

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you. illegally recommended that appellants claims be dismissed, when evidence- cont. on last pg.

Defendant #4: Prosecution Assistance District Attorneys; P.O Box 10536, Lubbock, TX 99408-3536; Names - Aron Moncibaiz and Sean Long

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. By arguing evidence that was not in record in Guilt/Innocent & Closing Argument.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Rev. 05/15

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

William was wrongly convicted of Agg Assault-Retaliation. The D.A. used falsified evidence to convict appellant. The D.A.'s theory was that Will committed a robbery then retaliated and assaulted Olda Lewis for calling 911. The robbery victim himself showed up in court and stated in trial on record that William was not the robber. If the appellant did not rob Juan, why would he retaliate and assault Olda Lewis? Even the detectives in this case admitted in trial that he lied to make his case. The D.A. carried the robbery argument to the Guilt/Innocent phase and closing arguments right before deliberations which clearly hurt the appellant.

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

To dismiss the retaliation and reverse and remand, Set trial for a new punishment hearing.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Nut, G. Nut

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

519333, 674125, 2023678

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?   ___ YES  ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

 1. Court that imposed sanctions (if federal, give the district and division): _____
 2. Case number: _____
 3. Approximate date sanctions were imposed: _____
 4. Have the sanctions been lifted or otherwise satisfied?   ___ YES  ___ NO

Rev. 05/15

Contin. from pg. 3

PARTIES TO THIS SUIT:

Defendant #1 William Eichman: JUDGE OF 364th DISTRICT COURT LUBBOCK, TX P.O. Box 10536, 79408-3536

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

The Judge is the "GateKeeper" of the Courts, yet he let falsified evidence by the DA, Detictives and Victim go unchallenged, espeacilly after the detictive admitted to Lying to build his case.

Defendant #4 PROSECUTION ASSISTANCE DISTRICT ATTORNEYS: P.O. Box 10536, Lubbock, TX 79408-3536.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

The D.A argued that I robbed Juan, the assualted Oldo for calling 911 after the robbery victim stated "testified" in court that the appeallant "was not" the robber.

Contin. from pg. 4    STATEMENT OF CLIAM

STRIKE YOUR COMPLAINT:

Juan was robbed and Oldo Lewis lied and stated that appeallant robbed him. There was never a robbery investigation. Oldo stated that appeallant assualted him for calling 911. When appeallant found out detictives wanted to talk with him, he sumitted himself to interrogation and told the detictives he was not the robber; yet detictives stated that the robbery victim Juan and everyone was saying that appeallant committed the robbery: It was all lies. Appeallant ask detictives to put him in a line-up which the detictives denied. Appeallant was never arrested; He was arrested for a unrelated crime. During trial just like appeallant stated Juan testified that the appeallant was not the robber, yet the DA argued that appeallant was through Guilt/Innocent phase and closing arguments right before deliberations which clearly hurt appeallant.

To Clerk

I've Mailed an Inmate Request to withdrawl Form for the sum $400.00 to cover the filing cost to the Inmate trust fund And it was noterized the 10-29-21

Will C Collins #2023624

Will E Collins 2033676
James Allred Unit
2101 FM 369 North
Iowa Park, Tx 76367



Northern District of Texas
Yeona Timmons
United States District Clerks Office
1000 Lamar St. Rm 203
P.O. Box 1234 76301
Wichita Falls, Tx
76307

